UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WALTER JAY SUTTON,

    Plaintiff,

  v.

C. KOENIG,

    Defendant.

Case No. 23-cv-00252-VKD

**ORDER TO SHOW CAUSE**

Petitioner Walter Jay Sutton, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction in Santa Cruz County Superior Court. Dkt. No. 7 at 1. Mr. Sutton filed a motion for leave to proceed *in forma pauperis*, Dkt. No. 9, which was terminated as moot since he paid the filing fee. Dkt. No. 8.

**I. STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

**II. DISCUSSION**

Mr. Sutton raises the following claims for federal habeas relief: (1) ineffective assistance

of counsel for encouraging Mr. Sutton to stop taking his medication during trial, Dkt. No. 1 at 35; and (2) denial of his right to conflict-free counsel to file a motion for new trial and at sentencing due to an irreconcilable conflict, *id.* at 46.

Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent C. Koenig, the warden of the prison where Mr. Sutton is incarcerated.

### III.  CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 7. The Clerk shall also include a magistrate judge jurisdiction consent/declination form. The Clerk also shall serve a copy of this order on Mr. Sutton.

2. Respondent shall serve on Mr. Sutton, within **60 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas L.R. 2254-6(b), showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Mr. Sutton a copy of all portions of the state court trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Mr. Sutton wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **30 days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Mr. Sutton shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **28 days** of receipt of the motion, and Respondent shall file with the court and serve on Mr. Sutton a reply within **14 days** of receipt of any opposition.

4. Mr. Sutton has the responsibility to prosecute this case. Mr. Sutton is reminded

that all documents and communications with the Court must be served on Respondent by mailing a true copy of the document or communication to Respondent's counsel.  Mr. Sutton must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 18, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge